UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEN CHANG, | Case No.: 14-CV-00425-LHK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO REMAND |
| BIOSUCCESS BIOTECH, CO., a Cayman Islands corporation, and BIOSUCCESS BIOTECH CO., LTD., a Nevada corporation; CHI-MING WU a/k/a FRED WU, and ZHEN TAO HAN, | |
| Defendants. | |

Before the Court is Plaintiff Ben Chang's Motion to Remand this case to state court. *See* ECF No. 6. The Motion has been fully briefed. *See* ECF Nos. 10-11. The Court finds this Motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing set for June 5, 2014 at 1:30 p.m. The Case Management Conference scheduled for June 5, 2014 at 1:30 p.m. remains as set. Having considered the briefing in the instant case and the relevant law, the Court DENIES the Motion to Remand.

**I.     BACKGROUND**

On January 3, 2014, Plaintiff Ben Chang filed the instant lawsuit in Santa Clara County Superior Court for violations of sections of the California Labor Code, breach of contract, and *quantum meruit* against four Defendants: (1); Biosuccess Biotech Co. Ltd., a corporation incorporated in the Cayman Islands ("Biosuccess Cayman") (2) a subsidiary of Biosuccess

1

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

1  Cayman, Biosuccess Biotech Co. Ltd., a corporation incorporated in Nevada ("Biosuccess USA");[1]
2  (3) Zheng Tao Han, a director of the Biosuccess entities; (4) Fred Wu, the Chairman of the Board
3  of Directors of Biosuccess Cayman. *See* ECF No. 1, Ex. 3. In his complaint, Plaintiff alleged that
4  the Biosuccess entities "are two corporations organized and existing respectively under the laws of
5  the Cayman Islands, and under the laws of Nevada. Both have their principal place of business in
6  the United States at 3333 Bowers Ave, Suite 201, Santa Clara, California." *See id.* ¶ 2.

7  On January 28, 2014, all four Defendants filed a joint Notice of Removal to this Court. *See*
8  ECF No. 1. Defendants' Notice of Removal cites diversity jurisdiction as the basis for removal.
9  Specifically, Defendants contend that the amount in controversy exceeds $75,000 and that each of
10 the Defendants is diverse from Plaintiff. Defendants assert that Plaintiff is domiciled in California.
11 *Id.* ¶ 13. Meanwhile, the two individual Defendants, Zheng Tao Han and Fred Wu, are domiciled in
12 China and Taiwan, respectively. *Id.* ¶¶ 14-15. Defendants contend that the two Biosuccess entities
13 are incorporated in the Cayman Islands and Nevada and that all of the officers and directors of
14 Biosuccess direct activities from Taiwan. *Id.* ¶¶ 19-20.

15 On February 12, 2014, Plaintiff filed a Motion to Remand to State Court and accompanying
16 declarations. ECF Nos. 6-9. On February 26, 2014, Defendant Biosuccess filed an Opposition
17 along with accompanying declarations. ECF No. 10. On March 5, 2014, Plaintiff filed a Reply in
18 Support of the Motion and an accompanying declaration. ECF Nos. 11-12.

19 **II.    LEGAL STANDARD**

20 A suit may be removed from state court to federal court only if the federal court would have
21 had original subject matter jurisdiction over the claims. 28 U.S.C. § 1441(a). There are two
22 independent bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28
23 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time
24 before final judgment that the federal court lacks subject matter jurisdiction, the federal court must
25 remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed
26 against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d

---

[1] The Court refers to Biosuccess Cayman and Biosuccess USA collectively as "the Biosuccess entities."

2

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

1083, 1087 (9th Cir. 2009). Consequently, "[t]he defendant bears the burden of establishing that removal is proper," *id.*, and "any doubt about the right of removal requires resolution in favor of remand," *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III. DISCUSSION

There is diversity jurisdiction where the amount in controversy exceeds $75,000 and where the litigation pits against each other "citizens of different States." 28 U.S.C. § 1332(a). The Supreme Court has interpreted the diversity jurisdiction statute to require complete diversity. That is, diversity jurisdiction is only proper in "cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Court begins by noting that the parties do not dispute that the amount in controversy requirement of diversity jurisdiction has been satisfied. Furthermore, the parties do not dispute that Plaintiff is a citizen of California for purposes of diversity jurisdiction and that the two individual Defendants, Zheng Tao Han and Fred Wu, are not citizens of California.

The critical question is the citizenship of the Biosuccess entities. More specifically, the question is whether, as Plaintiff contends, the Biosuccess entities are citizens of California or whether, as Defendants contend, these entities are not. Under the diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). There is no dispute that neither of the Biosuccess entities is incorporated in California. Accordingly, the sole disputed issue for purposes of the instant Motion is whether either of the Biosuccess entities had its "principal place of business" in California.

The Supreme Court recently addressed the interpretation of "principal place of business" in *Hertz Corp. v. Friend*, 559 U.S. 77, 83 (2010). There, the Supreme Court held that "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The Supreme Court further stated that the "principal place of business" should "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and

3

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

1 coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board

2 meetings (for example, attended by directors and officers who have traveled there for the

3 occasion)." *Id.* at 93. The Supreme Court noted that the "nerve center" test may "produce results

4 that seem to cut against the basic rationale" of the diversity jurisdiction statute, but that these

5 anomalies are inevitable if a clear rule is to be in place. *Id.* at 96. As an example, the Supreme

6 Court noted that "if the bulk of a company's business activities visible to the public take place in

7 New Jersey, while its top officers direct those activities just across the river in New York, the

8 'principal place of business' is New York. One could argue that members of the public in New

9 Jersey would be less likely to be prejudiced against the corporation than persons in New York—yet

10 the corporation will still be entitled to remove a New Jersey state case to federal court." *Id.* The

11 Supreme Court in *Hertz* went on to reiterate that "[t]he burden of persuasion for establishing

12 diversity jurisdiction, of course, remains on the party asserting it" and that "[w]hen challenged on

13 allegations of jurisdictional facts, the parties must support their allegations by competent proof."

14 *Id.* at 96-97.

15 Applying the Supreme Court's test in *Hertz* in the instant case, the Court concludes that

16 Biosuccess' "nerve center" is not in California. Specifically, Defendants have introduced

17 declarations from corporate officers suggesting that all of the corporate direction of Biosuccess

18 occurs in Taiwan. The Chairman of the Board of Directors and Chief Executive Officer of

19 Biosuccess Cayman, Frank Wu, stated in his declaration that "Biosuccess Cayman conducts

20 business, managing, directing, controlling, and coordinating all affairs and activities of Biosuccess

21 Cayman and Biosuccess U.S.A. from Taipei, Taiwan." ECF No. 10-1 ¶ 9. Mr. Wu's declaration is

22 bolstered by Plaintiff's concession of the fact that Mr. Wu lived in Taiwan, a point on which

23 Plaintiff's Complaint corroborates Mr. Wu's declaration. ECF No. 1-1 ¶ 3. A second director

24 declares that "all the board meetings were held in Taiwan or via telecommunication means when

25 directors are not present in the Taipei office." ECF No. 10-2 ¶ 9.

4

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

1       Furthermore the declarations regarding control and direction are unrebutted.[2] Plaintiff does

2   not contend, nor does he provide any evidence, that the essential functions of direction, control,

3   and coordination came from Taiwan. Rather, Plaintiff's contentions focus on the outward-facing

4   aspects of the Biosuccess entities' business operations. For example, Plaintiff provides a

5   declaration of a paralegal at Plaintiff's counsel's firm, who investigated the current state of the

6   Biosuccess entities' California office. *See* ECF No. 9. In the declaration, the paralegal states that he

7   visited the Biosuccess California office, which had the name of the company and logo on a placard

8   and that an administrative assistant answered the door. *See id.* However, this type of visibility-

9   related evidence is not the critical determinant for purposes of diversity jurisdiction. *See Hertz*, 559

10  U.S. at 96; *see also Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d

11  101, 106 (4th Cir. 2011) (noting that under *Hertz*, where a defendant's "officers direct the

12  company's high-level decisions from Dearborn, Michigan, while its day-to-day operations and

13  public interface occur in West Virginia," the principal place of business is West Virginia); *In re*

14  *Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-2087, 2010 WL 2998855, at *4 (S.D. Cal. July

15  29, 2010) ("Even though the bulk of the business activities visible to the public—the warehousing

16  and distribution—take place in New York, those activities are directed by Begley in Oakville.

17  Thus, Iovate U.S.A.'s principal place of business is Oakville, Ontario.").

18      Plaintiffs' sole basis for the proposition that direction, control, or coordination occurred in

19  California are the June 2011 meeting minutes of a General Meeting of the Biosuccess entities. *See*

20  ECF No. 12-1. The venue section of those meeting minutes indicates that the meeting occurred on

21  "The Grafton on Sunset, LA." *See id.* These meeting minutes, however, do not support Plaintiff's

22  theory. Plaintiff's contention is that Biosuccess entities' principal place of business is in Santa

23  Clara, California. However, the meeting minutes indicate that the meeting occurred in Los

24  Angeles, California. *See id.* The Supreme Court in *Hertz* stated that "principal place of business"

25  refers to "a place *within* a State. It is not the State itself." 559 U.S. at 93 (emphasis in original).

---

[2] Plaintiffs cite *Washington v. Hovensa LLC*, 652 F.3d 340 (3d Cir. 2011), for the proposition that self-serving affidavits are insufficient in the inquiry into diversity jurisdiction. *Washington*, however, does not stand for that proposition. Rather, *Washington* states only that an affidavit must be disregarded only "where the surrounding facts and circumstances clearly indicate that plaintiff's testimony is fabricated." *Id.* at 347 (internal quotation marks omitted).

5

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

Accordingly, Plaintiff's citation of the Los Angeles meeting minutes does not support Plaintiff's position that the Biosuccess entities' nerve center was located in Santa Clara.

Finally, Plaintiffs rely on various documents in which Biosuccess indicated that its principal place of business was in Santa Clara. Specifically, in various proceedings before the U.S. Patent and Trademark Office and in Answers in a different federal case related to assignment of patent rights, Biosuccess has used the Santa Clara address. *See* ECF No. 8. The U.S. Supreme Court has been clear that the address placed on government filings are not dispositive of the issue of a business's principal place of business. *See Hertz*, 559 U.S. at 97 (noting that the address of a business on a government form is insufficient to determine the corporation's nerve center). Furthermore, while the Court is troubled by the inconsistency in Biosuccess' representations regarding its principal place of business, Biosuccess is not judicially estopped from asserting that its principal place of business is not in Santa Clara because the record does not show that any court has relied on representations to the contrary. *See Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998) ("A majority of courts apply judicial estoppel only if the court has relied on the party's previously inconsistent statement, and we have recently adopted that rule."). In fact, the federal case that Plaintiff cites wherein Biosuccess Cayman stated that its principal place of business was Santa Clara was a case between a New Jersey citizen and the Biosuccess Cayman. Accordingly, in that litigation, there was diversity jurisdiction regardless of whether Biosuccess Cayman had its principal place of business in California or in Taiwan.

The Court therefore concludes that the direction, control, or coordination of the Biosuccess entities occurred in Taiwan, not Santa Clara, California. Accordingly, neither Biosuccess entity is a citizen of California. Therefore, this Court therefore has diversity jurisdiction of this dispute between a California Plaintiff and foreign Defendants.[3]

---

[3] Plaintiff moves for attorneys' fees for the first time in his Reply brief. The Court denies this request because the Court has ruled in favor of Defendants on the merits. Independently, the Court notes that by raising the request for attorneys' fees for the first time in a Reply brief, Plaintiff has deprived Defendants of an opportunity to respond. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (noting that the Court need not consider arguments raised for the first time in the Reply).

6

Case No.: 14-CV-00425-LHK
ORDER DENYING MOTION TO REMAND

### IV. CONCLUSION

For the foregoing reasons, the Court determines that it has subject matter jurisdiction and DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: April 16, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge